Paul E. Manasian (130855)
Gregory A. Rougeau (194437)
Coque K. Dion (267894)
MANASIAN & ROUGEAU LLP
400 Montgomery Street, Suite 1000
San Francisco, California 94104
Tel: (415) 291-8425
Fax: (415) 291-8426
Email: manasian@mrlawsf.com
Email: rougeau@mrlawsf.com
Email: dion@mrlawsf.com

Proposed Counsel for Debtor in Possession,
JAVA DETOUR, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>JAVA DETOUR, INC. a Delaware Corporation,<br><br>                Debtor.<br><br><br><br>Federal Tax ID: 20-5968895 | Case No. 10-33530 DM<br><br>Chapter 11<br><br>**NOTICE OF RELATED CHAPTER 11 CASES AND EX PARTE MOTION FOR JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES** |

      JAVA DETOUR, INC., a Delaware corporation ("JAVA DETOUR") and its wholly owned subsidiary, JDCO, INC., a California corporation ("JDCO"), are Debtors in related Chapter 11 cases commenced in this division (collectively the "Java Detour Debtors"). JDCO's Chapter 11 case has been assigned Case No. 10-33531 by the Clerk of this Court, and is assigned to the

Honorable Thomas Carlson (while Java Detour's Chapter 11 case has been assigned to the Honorable Dennis Montali).

The Java Detour Debtors hereby request an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the JAVA DETOUR and the JDCO related Chapter 11 cases for procedural purposes only. In support of this motion, the Java Detour Debtors respectfully represent as follows:

1. On September 9, 2010, the Java Detour Debtors commenced their respective Chapter 11 cases in this division by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. According to the practices of this Court, the Chapter 11 case of Java Detour, as the first filed of the related Chapter 11 cases (and as the parent corporation), will be designated as the "lead case."

2. A trustee has not been appointed in either of the above-referenced Chapter 11 cases, and the Java Detour Debtors continue in possession of their respective estates, and are operating and managing their businesses as debtors in possession, pursuant to Section 1107 and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction to determine whether the Java Debtors' estates should be jointly administered, pursuant to 28 U.S.C. §§ 157 and 1334.

4. Java Detour is a publicly traded Delaware corporation with its common stock listed on the Pink Sheets, under the symbol "JVDT." It is a holding company (it has no operations independent of JDCO), and its primary asset is its 100% equity interest in JDCO. The Java Detour Debtors are in the business of owning, operating and (through Java Detour Franchise Corp., a wholly owned subsidiary of JDCO) franchising Java Detour gourmet retail coffee stores. Those stores specialize in providing fast and convenient sales of high quality gourmet coffees, whole leaf teas, cold blended beverages, smoothies and select food in uniquely designed retail stores. JDCO owns 9 of such stores; its subsidiary has franchised an additional 14 more. The Java Detour Debtors are also in the business of buying, blending and overseeing the roasting of high quality coffee beans, through a third party licensee.

5. By way of corporate background, after several years operating privately, Java Detour (then known as Media USA.com, Inc.), a subsidiary of Java Detour named Java Acquisition Co., Inc. (the "Merger Sub"), and JDCO entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which JDCO would merge with the Merger Sub (with JDCO being the surviving entity) and later be acquired by Java Detour in a reverse merger transaction. On November 28, 2006, Java Detour re-incorporated in Delaware; on or about November 30, 2006, the reverse merger closed, and JDCO became Java detour's wholly-owned subsidiary.

6. The officers and directors of the Java Detour Debtors are the same, and they have a single corporate office, located at 1550 Bryant Street. The Debtors have, since the above-referenced reverse merger, maintained consolidated financial information, and that information has been disclosed in Java Detour's periodic filings with the Securities and Exchange Commission. The Java Detour Debtors propose to be represented by the same Chapter 11 counsel, and anticipate that the majority of notices, applications, motions hearings and orders in their cases will affect or involve both debtors' estates. For example, the Java Detour Debtors expect to promptly file motions to obtain postpetition financing, to sustain the operations of JDCO.

7. There is little question, then, that the Java Detour Debtors' cases are Related Cases. Related Cases are "cases where assignment to a single Judge would promote efficient administration of the estates or avoid conflicting or inconsistent rulings. Related cases may include: husband and wife; a partnership and one or more of its general partners; two or more general partners; two or more debtors having an interest in the same asset; or a debtor and an affiliate." BLR 1015-1(a).

8. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides in part that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." BLR 1015-1(c) also provides that the "Court may, on its own motion or upon the motion of a party in interest, order a case transferred to another Bankruptcy Judge based on the Court's determination as to whether a case is related and

whether the transfer will promote the efficient administration of the estates or avoid inconsistent or conflicting rulings."

9. The joint administration of these related Chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for these cases. Further, joint administration will permit counsel to include the respective estates of the Java Detour Debtors in a single caption on the documents that will be served and filed during the pendency of these cases. This should enable the parties in interest in both cases to be better apprised of the various matters before the Court. Joint administration simply makes sense, and the Java Detour Debtors respectfully request that the Court order the joint administration of their Related Cases under the aforementioned rules (and necessarily transfer the JDCO case to Judge Montali). Failure to order the joint administration of the cases, the Debtors submit, would impede the administration of the cases, and would waste resources.

10. Attached, as Exhibit "A" hereto, is a proposed caption for all pleadings, notices, orders and other filed documents in the jointly administered cases.

11. This Motion does not seek substantive consolidation of the estates of the Java Detour Debtors, and the rights of parties in interest will not be prejudiced by the entry of an order directing joint administration. Although it is expected that the Java Detour Debtors will file a joint Chapter 11 Plan, and may seek at some later date to have their estates substantively consolidated, the Java Detour Debtors will (until directed otherwise) will maintain separate creditor matrices, schedules, statements of financial affairs, and monthly operating reports. In addition, the Java Detour Debtors do not request modification of the normal practice that proofs of claim be filed under the case number of the applicable Debtor.

WHEREFORE, the Java Detour Debtors respectfully request entry of an Order authorizing the joint administration of these Chapter 11 cases, approving the proposed form of caption attached as Exhibit "A," and granting such other and further relief as may be just.

Dated: September 9, 2010

MANASIAN & ROUGEAU LLP

By: */s/ Gregory A. Rougeau*
Gregory A. Rougeau
Proposed Counsel for
Debtors in Possession
JAVA DETOUR, INC and JDCO, INC.

**EXHIBIT "A"**

-6-

**EXHIBIT "A"- PROPOSED CAPTION FOR JOINTLY ADMINISTERED CASES**

Name of Counsel (SB No. XXXXX)
Mailing Address
Telephone: (XXX) XXX-XXXX
Facsimile: (XXX) XXX-XXXX

Party Represented

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>JAVA DETOUR, INC. a Delaware Corporation,<br><br>    Debtor.<br><br><br><br>Federal Tax ID: 20-5968895 | Case No. 10-33530 DM<br><br>Chapter 11<br><br>*[Jointly Administered With <u>In re JDCO, Inc.</u>, Chapter 11 Case No. 10-33531]*<br><br>DOCUMENT TITLE<br><br>[If Hearing Set]<br>Date:<br>Time:<br>Place:<br>Judge: |

-7-

Case: 10-33530   Doc# 4   Filed: 09/10/10   Entered: 09/10/10 17:16:38   Page 7 of 7
NOTICE AND MOTION FOR JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES